In the Matter of the Estate of ABRAHAM HENRY DANIEL, Deceased.

Surrogate's Court, New York County, May 3, 1933.

*Nathan Neubauer*, for the petitioner.

*John E. Stevens*, for the contestant.

DELEHANTY, S.   Under section 144 of the Surrogate's Court Act no will may be admitted to probate until after inquiry and until the surrogate is satisfied with the genuineness of the will and the validity of its execution.   Upon all the evidence before me I determine that the propounded paper bears the genuine signature of deceased and that such signature was affixed to the paper in the presence of the witnesses whose names are subscribed thereto.   I am further satisfied that if the propounded paper were in the condition in which it was when signed by testator it would be entitled to probate since the formalities attending a proper execution of a will were apparently observed.

Upon the evidence before me, however, I determine that the propounded paper in its present condition is a forgery.   I am satisfied that a genuine instrument of legal cap size had been originally drafted by the witness Johnstone and had been signed by deceased.   I am satisfied that such original paper was mutilated by cutting the lower

portion bearing the signature of deceased from the upper portion, the text whereof is wholly missing. Because of lack of knowledge as to other provisions which were in the instrument when signed by deceased, it is impossible to give effect to so much of the propounded paper as probably is genuine. There is no assurance that the earlier and missing portions of the instrument did not conflict with or affect so much of the original instrument as remains.

I am satisfied that Rachel Mills, the chief beneficiary of the forgery, conspired with Johnstone, the draftsman of the paper, to forge the instrument. They added to the separated portion of the instrument an introductory testamentary clause. They then added between the end of the genuine text of the will and the signature of deceased a forged paragraph intended to give Rachel Mills an interest in a bank account of deceased. Apparently on his own initiative the draftsman, Johnstone, later added another forgery to the will by inserting a provision which purported to name him executor. The use by these somewhat artless forgers of different inks and the necessity under which they were to write the forged additions in part through the creased portion of the paper enabled the handwriting expert called by the court to disclose vividly not only the extent of the forgery but the order in which the forgery was done.

The witnesses to the will each committed perjury before the court in testifying that the propounded paper was in its present condition when signed by them, and are probably a part of the conspiracy to utter the forged instrument by foisting it upon the court as genuine, though neither stood to profit by the forgery.

Having determined that the propounded paper is a concocted instrument and a forgery, probate thereof is denied. Since the person otherwise entitled to letters is a non-resident alien, letters of administration will issue to the public administrator upon proper application. The facts in respect of this forgery have been called to the attention of the district attorney for appropriate action.